Keniston v. Hewitt.

AFFIRMED.

---

KENISTON v. HEWITT ET AL.

1. **Jurisdiction**: CERTIORARI: CIRCUIT COURT. Section 162 of the Code confers upon the Circuit Court exclusive jurisdiction in *certiorari* in civil matters.

*Appeal from Montgomery District Court.*

THURSDAY, JUNE 13.

THE plaintiff, upon application, caused to be issued from the District Court of Montgomery county a writ of *certiorari*, directed to the defendants, for the purpose of testing the legality of their proceedings in relation to the alteration of a public road, to which the defendants made answer and return. Afterward they filed a motion asking the court to dismiss the action, upon the ground, among others, that only the Circuit Court has jurisdiction in the supervision of inferior courts, tribunals and officers, in civil matters, to correct and prevent abuses such as is claimed in this action. The court sustained the motion. The plaintiff appeals.

*W. M. Wright,* for appellant.

*McPherson & Scott,* for appellees.

ADAMS, J.—The question in this case is as to whether the Circuit Court has exclusive jurisdiction in *certiorari* in civil

1. JURISDIC-
TION: certio-
rari: circuit
court.

matters. The defendants claim that a comparison of sections 161 and 162 of the Code will show that it has. The former section provides that the District Court shall have general supervision over all inferior courts and officers in criminal matters, to prevent and correct abuses where no other remedy is provided; and the latter section provides that the Circuit Court shall have general supervision of all inferior courts and officers in civil matters, to prevent and correct abuses where no other remedy is provided. It will be observed that it is not expressly provided that the jurisdiction of either court shall be exclusive in respect to such general supervision. But the jurisdiction of the District Court in such general supervision in crimininal matters is, doubtless, exclusive, and we think that section 162 should be regarded as conferring upon the Circuit Court similar jurisdiction in general supervision in civil matters.

It is true it is provided in section 3217 of the Code that the writ of *certiorari* may be granted by the District or Circuit Court, and that the defendant shall certify to the court from which the writ issues. But this cannot mean that the writ may be granted by either, indiscriminately, in both criminal and civil matters. Such a construction would render nugatory the provisions above referred to, as contained in sections 161 and 162. It must mean that the writ may be granted by either court, but within the jurisdiction of the court, as defined by section 161 or 162.

AFFIRMED.