GROVES ET AL v. RICHMOND ET AL.

1. **Jurisdiction**: WHEN CONFERRED BY CONSENT. The rule that juris-
diction cannot be conferred by consent applies only where the court has
not the right to assume general jurisdiction of the subject matter of an
action; where the court has such general jurisdiction the parties may
waive the ordinary process by which it is invoked.

2. ——: ——: RULE APPLIED. Where the District Court granted a writ
of *certiorari* in a matter of which the Circuit Court has exclusive juris-
diction, it was held that an agreement by the attorneys of the parties
that the action should be transferred to the Circuit Court, and should
stand as though originally commenced there, conferred upon such court
jurisdiction to proceed and determine the questions involved in the
action.

*Appeal from Palo Alto Circuit Court.*

FRIDAY, APRIL 22.

THIS is a proceeding in *certiorari* to test the validity of an
order made by the defendants submitting to vote the question
of relocating the county seat of Emmet county. The court
dismissed the proceeding. The plaintiffs appeal.

*Soper & Allen* and *J. W. Cory, Jr.*, for appellants.

*Jo. Harry Call, Geo. E. Clarke*, and *Coolbaugh & Call*, for appellees.

DAY, J.—This action was commenced in the Emmet county
District Court, on the 1st day of September, 1879. The writ
of *certiorari* was allowed by the Hon. E. R. Duffie, district
judge, September 14, 1879, and was issued and served on the
same day. On the 15th day of November, 1879, the de-
fendants filed their return and certified up the record of their
proceedings. On the same day the defendants filed the appli-
cation for a change of venue, and the court ordered that the
cause be transferred to the District Court of Palo Alto county.
From this order the plaintiffs appealed, and the appeal was

afterward dismissed.   See *Groves v. Richmond*, 53 Iowa 570.
Pending this appeal, and in vacation, on the 6th day
of January, 1880, the parties, by their respective attorneys,
entered into an agreement as follows:   "It is hereby stipu-
lated and agreed by the parties to this action:

."1st.   That the same be transferred from the District
Court of Palo Alto county, to the Circuit Court of Palo Alto
county, Iowa, and that the same stand in said court, to all
intents, and for all purposes, the same as though said cause
had been commenced in the Circuit Court.

"2d.   That the same stand continued at the January term
of said court.

"3d.   That if in the appeal taken in this cause it shall be de-
termined that this cause is not triable to a jury, over plaintiffs'
obection, that the cause be thereupon sent to Emmet county,
Iowa, to be tried to the court."   This stipulation was entered
into after counsel became aware of the decision in this court
in *Keniston v. Hewitt*, 48 Iowa, 679, holding that the Cir-
court Court has exclusive jurisdiction in *certiorari* in civil
matters.   The stipulation was filed in the Palo Alto District
Court, January 17, 1880.  ·At the January term of the Palo
Alto Circuit Court the cause was continued " as per stipula-
tion on file."   At the August term of said court the defend-
ants filed a motion as follows: · "Comes now J. H. Warren,
·one·of the parties impleaded as a defendant in this action,
and moves the court to strike from the files of this court the
pretended writ of *certiorari* heretofore issued herein by the
clerk of the District Court of Emmet county, Iowa, the order
therefor made by E. R. Duffie, judge of the District Court
of the 14th judicial district of Iowa, and the return thereto
filed ———, ——, 1879, for the reason:

1st.   The District Court, the clerk and judge theof, had no
jurisdiction of the subject matter of said action and the same
are null and void.   The said J. H. Warren further moves the
court to dismiss said cause, and to strike the same from the
calendar for the following reasons:

"1. Because all the proceedings in said case are null and void.

"2. Because jurisdiction of the subject matter is conferred, if at all, by the writ of *certiorari* issued herein, and the same being void, the court has no jurisdiction of the subject matter.

"3. Because the District Court had no jurisdiction of the subject matter of this proceeding, and the same could not be prosecuted in either the District Court of Emmet county, or the Circuit Court of Palo Alto county, and the court cannot acquire jurisdiction by a transfer of the cause.

"4. Because more than one year from the date of the alleged irregularities and illegal acts complained of has elapsed. and no legal writ of *certiorari* having yet issued, none can now be granted.

"The said J. H. Warren further moves the court that he be dismissed from this cause as a defendant herein, and as cause thereof shows that he is no longer a member of the board of supervisors of Emmet county, his term of office having expired, and his successor in office being duly elected and qualified."

The plaintiffs thereupon filed a motion to substitute F. C. McGrath and Chas. Jarvis as defendants in place of J. H. Warren and Henry Barber, whose terms of office as members of the board of supervisors of Emmet county had expired. In resistance of the motion to dismiss the plaintiffs filed the affidavit of E. B. Soper, one of the attorneys, stating in substance that he went to the office of George E. Clarke, one of the attorneys of the defendants, and stated to him that he had discovered the case of *Keniston v. Hewitt*, 48 Iowa, 679, holding that the Circuit Court had exclusive jurisdiction in *certiorari* in civil cases, and that the proceedings in the cause in the District Court were of no effect, and that plaintiffs and their attorneys had decided to enter a dismissal of the case in the District Court and commence the case anew in the then impending January term of the Circuit Court of Emmet county,

unless the defendants would consent to a transfer of said
cause to the Circuit Court to stand there with all the pro-
ceedings as though had in the Circuit Court; that Mr. Clarke
said he would consult with his associate, Mr. Call, and if he
made no objections they would consent and stipulate for the
proposed transfer, and that subsequently the agreement herein
above set out was signed. The defendants filed the counter
affidavit of Geo. E. Clarke, as follows: "That at the time
E. B. Soper came to him in reference to the stipulation re-
ferred to by him in his affidavit, this affiant realizing the im-
portance of winding up and settling the cause to the inhabi-
tants of Emmet county, and being of the opinion that con-
sent could not confer jurisdiction of the subject matter upon
the Circuit Court of Palo Alto county, he entered into said
stipulation therein referred to, thus hoping speedily to settle
the much vexed question in accordance with the wishes of the
majority of the people and voters of Emmet county."

The motion of the defendant Warren was sustained, and he
was dismissed from the cause as he prayed. Thereupon the
court upon its own motion dismissed the cause as against all
the defendants upon the ground that the stipulation and the
transfer of the proceedings from the District Court to the
Circuit Court conferred no jurisdiction upon the Circuit
Court to try the cause.

It is apparent from the affidavit of defendants' counsel, the
stipulation in the agreement for the continuance of the cause
beyond the January term, and the action subsequently taken,
that the stipulation was given for the purpose of continuing
the proceeding until it should be too late to commence the
action anew, and then dismiss the proceeding for want of jur-
isdiction. The plaintiffs ought not to be deprived of a hear-
ing in this manner, unless there is a real legal obstacle to
the Circuit Court's entertaining jurisdiction of the cause.

1. JURISDIC-
TION: when
conferred by
consent.
It is urged by appellee that consent cannot
confer jurisdiction. This is true where the court
has not the right to assume general jurisdiction

of the subject matter. Consent could not confer upon the Circuit Court jurisdiction to try an indictment for murder. But, where the court has general jurisdiction over the subject matter the parties may waive the ordinary process and voluntarily submit the question to the adjudication of the court. It is claimed that it is the writ which confers jurisdiction, and that as the writ was issued by the District Court it was void, and no jurisdiction was conferred by it. Under our system of procedure the petition calls into exercise the jurisdiction of the court. The writ is necessary to obtain jurisdiction over the defendant, and to obtain a certification of the records and proceedings sought to be reviewed. There is no reason why the parties might not waive the writ, and submit the questions to be determined by a voluntary appearance, and upon an agreed statement of facts, as in any other kind of action. Now, what was done in this case? The application for a writ had been made to the District Court, the writ had been issued, the return had been made, and the venue had been changed to the Palo Alto District Court. It was thereupon agreed by the parties to the action: " That the same be transferred from the District Court of Palo Alto county to the Circuit Court of Palo Alto county, Iowa, and that the same stand in said court, to all intents and for all purposes, the same as though said cause had been commenced in the Circuit Court." The effect of this agreement is that the petition, writ and return shall be filed in the Circuit Court, as though the petition had originally been filed there, and the writ had emanated from that court. It may be conceded that this agreement could not give vitality to a writ issued by a court not having jurisdiction. We have seen, however, that the writ may be waived. Suppose the petition in this case, under oath as a petition in a *certiorari* proceeding is required to be, had been originally filed in the Circuit Court, and that thereupon the defendants had waived the issuance of a writ, and had filed a transcript setting forth the action sought to be reviewed, and had asked the court to

determine the question presented, can it be doubted that jurisdiction over the question would be thereby conferred? Now, that is just what was in effect done in this case.    The mere fact that the petition and return were filed in the District Court before they were filed in the Circuit Court certainly cannot affect their legal operation.    Nor does the fact that a controversy arising in Emmet county was submitted to the Circuit Court of Palo Alto county affect the jurisdiction. If the cause had been originally commenced in the Circuit Court of Emmet county, the parties could have transferred it by agreement to the Circuit Court of Palo Alto county.    If they could do this there is no reason why they cannot agree that the Palo Alto Circuit Court shall originally assume jurisdiction.    The case is not like *McMeans v. Cameron*, 51 Iowa, 691, cited and relied upon by appellees.

In our opinion the court erred in dismissing this cause.

REVERSED.