## Sayles v. Deluhrey et al.

1. **Writs of Error to Justices' Courts :** CIRCUIT COURT HAS EXCLUSIVE JURISDICTION: CHANGE OF VENUE TO DISTRICT COURT VOID: ORDER REVERSED ON APPEAL.   The circuit court has exclusive jurisdiction of writs of error to justices' courts; and when such a writ is pending in the circuit court, a change of venue to the district court is void, and the case still remains in the circuit court; but, lest there should be a failure of justice, the order granting the change, though void, will be reversed on appeal, at the costs of the parties moving for the change, though they did not designate the court to which the change should be made.

*Appeal from Fayette Circuit Court.*

TUESDAY, JUNE 10.

THIS action was commenced before a justice of the peace for alleged forcible entry and detainer. When the cause came on for hearing, the justice, becoming satisfied that the action involved the title to real estate, and that he, therefore, had no jurisdiction to try the same, made an order transferring the cause to the circuit court. The plaintiff, for the purpose of testing the correctness of this order, sued out a writ of error from the circuit court, to which, as we infer, the justice made due return. Before the cause came on for hearing upon the writ of error, the defendants moved for a change of place of trial. The court granted the motion, and ordered that the place of trial be changed to the district court, to which the plaintiff excepted. From this order the plaintiff appeals.

*J. W. Rogers & Son*, for appellant.

*Ainsworth & Hobson*, for appellees.

ADAMS, J.—The plaintiff contends that the district court has no jurisdiction to try a cause upon writ of error. He cites and relies upon section 162 of the Code, which provides that "the circuit court shall have  *   *   *   *  exclusive jurisdiction in all appeals and writs of error from inferior courts." He cites and relies, also, upon *Keniston v. Hewitt*, 48 Iowa, 679; *Groves v. Richmond*, 53 Id., 570; *St. Joseph Manufacturing Co. v. Harrington*, Id., 380; *McMeans v. Cameron*, 51 Id., 691.

The defendants do not claim, and could not, we think, properly, that the district court has jurisdiction, but they insist that the case is not in such condition that we can properly review it. In the first place, it is said that it does not appear to what justice the writ was directed, and it does not appear that any justice made a return to the writ. To this we have to say that we think we may assume that the writ was directed to the justice who made the order of transfer complained of, and that we may also assume that such justice made a return. Properly, perhaps, the record should have expressly shown these things. But the very fact that the defendants moved for a change of place of trial would seem to imply that there was something in the circuit court to try; and we do not think that we should be justified in treating the case otherwise. Another position taken by the appellees is that, as their motion simply asked for a change, and as there was no error in granting a change, and error only in designating the district court as the court to which the change should be made, in regard to which their motion was silent, they were not in fault for the error that was made, and should not suffer by a reversal.

The appellant is seeking to dispossess the appellees of certain real estate. The appellees are willing, of course, that the

Sayles v. Deluhrey et al.

case should fall and come to naught, between the circuit court which has granted the change, and the district court to which the change cannot be made. Strictly, we think that the case remains in the circuit court until that court should designate a court which has jurisdiction to try it. But, under the view which the circuit court seems to have taken of the law, we may assume that it considers that it has lost jurisdiction, and would refuse to proceed or make any further order. We do not think that the plaintiff should be left remediless, but may have the error corrected on appeal. It is true, the appellees in their motion did not designate any particular court as the court to which the change should be made; still, the error was an incident to the granting of their motion, and we do not think that they are in a condition to complain of a reversal, and that, too, even though it should result in the taxation to them of the costs of the appeal.

It is objected, however, that the appellant should have called the attention of the court to the error, and thereby afforded it an opportunity to correct it. But, in resisting the motion for a change of place of trial, the appellant assigned as a ground of his resistance that the jurisdistion of the particular court in which the cause was pending was exclusive of the district court of the district and the circuit courts of other districts. After stating such ground of resistance, if even that was necessary, we think that it was sufficient to simply reserve an exception to the order.

REVERSED.