BISMARCK GROCERY COMPANY, a Corporation, v. A. H. YEAGER, SPRINGFIELD FIRE & MARINE INSURANCE COMPANY, Garnishee.

(131 N. W. 517.)

**Opening Default Judgment — Delay.**

1. When application is made to the district court, under § 6884, Revised Codes 1905, for relief from a default judgment, the fact that both the plaintiff and the garnishee had signed a stipulation providing, among other things, that the judgment would be opened, and such stipulation had failed through no fault of the parties, is a sufficient excuse for the delay occasioned thereby.

**Opening Default Judgment — Affidavit of Merits — Merits Passed Upon by Court.**

2. Such application must be accompanied by an affidavit of merits; such affidavit of merits may set up all of the facts of the case, and be presented to the court itself for an inspection of the merits. It is not necessary that the client submit the facts to an attorney for an opinion upon the merits.

Opinion filed May 11, 1911.

Appeal from the District Court, Burleigh county; *Winchester,* Judge.

Note.—The question of the effect and construction of statutes authorizing the vacation and setting aside of judgments by default is the subject of a note reviewing many cases in 58 Am. Dec. 392. The sufficiency of the affidavit of merits which must accompany the application is also considered in this note, and, while the rules in the different states with regard to the necessity of setting out the matters constituting the defense vary, all the cases unite in requiring that the affidavit shall show that the default occurred through "surprise, mistake, inadvertence, or excusable neglect," and shall state the facts constituting such surprise, etc.

Action by the Bismarck Grocery Company against A. H. Yeager. The Springfield Fire & Marine Insurance Company, garnishee. Judgment for defendant, and plaintiff appeals.

Affirmed.

*Newton, Dullam, & Young,* for appellant.

One seeking relief from a default judgment must act promptly, and furnish affidavit of merits. Wheeler v. Castor, 11 N. D. 347, 61 L.R.A. 746, 92 N. W. 381; Sargent v. Kindred, 5 N. D. 8, 63 N. W. 151.

Must show a defense, and that there is nothing to render it nugatory. Morgan v. McDonald, 70 Cal. 32, 11 Pac. 350; Burnham v. Smith, 11 Wis. 259; Freeman, Judgm. § 108; Gauthier v. Rusicka, 3 N. D. 1, 53 N. W. 80; Kirschner v. Kirschner, 7 N. D. 291, 75 N. W. 252; Minnesota Thresher Mfg. Co. v. Holz, 10 N. D. 16, 84 N. W. 581; 6 Enc. Pl. & Pr. 189 et seq.

Valid defense must be set up in answer. Sargent v. Kindred, and Wheeler v. Castor, supra; Gerish v. Johnson, 5 Minn. 23, Gil. 10.

There must be diligence in making the application. 6 Enc. Pl. & Pr. pp. 189–192; 1 Black, Judgm. §§ 340 and 387; Grootemaat v. Tebel, 39 Wis. 576; Pringle v. Dunn, 39 Wis. 435; Hunt v. Swenson, 15 N. D. 512, 108 N. W. 41; St. Paul Land Co. v. Dayton, 39 Minn. 315, 40 N. W. 66.

*R. N. Stevens* and *Scott Rex,* for respondent.

Orders for opening default judgments are purely discretionary. Wheeler v. Castor, 11 N. D. 347, 61 L.R.A. 746, 92 N. W. 381; Colean Mfg. Co. v. Feckler, 16 N. D. 227, 112 N. W. 993; Patterson Produce & Provision Co. v. Wilkes, 1 Ga. App. 430, 57 S. E. 1047; Atlanta Journal v. Brunswick Pub. Co. 111 Ga. 718, 36 S. E. 929; Miller v. Port Gibson Brick & Mfg. Co. 78 Miss. 170, 28 So. 807.

BURKE, J. Upon February, 14, 1908, when fire destroyed defendant's store and contents, he was indebted to many creditors, including plaintiff, to whom he owed over $700. Six insurance companies sustained losses upon policies of insurance, this garnishee being liable upon a policy of $1,000. The funds in the hands of the insurance companies were garnisheed by the different creditors. This garnishee was served with some five or six garnishee summonses, this plaintiff having the fifth claim upon the funds in its hands. This suit was begun March 25, 1908, and judgment was entered against this garnishee by

default May 1, 1909, in the sum of $754.35. An application was made to the district court of the proper county (Burleigh) under § 6884, Revised Codes 1905, upon January 10, 1910, for relief from such default. The application was based upon an affidavit of the state agent of the garnishee, setting forth at great length all of the facts, and attaching thereto all of the correspondence therein mentioned. This affidavit is too long to be set out in this opinion, and we shall give but its substance. Affiant states that he is the state agent for the garnishee and has full charge of its affairs in this state; that, upon learning of the suit, he wrote to the attorneys for the plaintiff, stating all of the facts known to him, and especially that his company had sustained a loss upon the policy, but had reached no settlement with Yeager, so the liability was undetermined; that in said letter he asked the said attorneys to prepare a suitable form of disclosure for execution by the company; that no reply was received to this letter, and two weeks later he wrote again, and received a reply to the effect that the disclosure would be prepared as soon as the amount of the liability was ascertained; that affiant was obliged to leave the state temporarily, and again wrote to plaintiff's attorney mentioning his proposed absence, and asking them to send the disclosure direct to the company, because the thirty days period would expire before affiant's return; that no reply was ever received by him to this letter, and he believed that disclosure had been made; that sometime during the following October said attorneys wrote affiant regarding the case, but, owing to his belief that the proper disclosure had been made, affiant misunderstood the plain import of the letters, and failed to protect garnishee's interests, and the judgment was entered by default; that upon learning of the judgment, affiant caused to be prepared, circulated, and signed a stipulation to the effect that all of the insurance companies pay into court the amounts due upon the several policies, to abide the final order of the court, and that this garnishee be thereupon relieved from its default; that this plaintiff and this garnishee each signed said stipulation, and it was signed by all of the creditors and by all of the insurance companies excepting one, who finally denied any liability on account of the fire; that, owing to the various parties to the stipulation living in different and widely scattered localities, a great deal of time was consumed before it was finally known that the stipulation must fail on account of one insurance company declining to sign; that promptly upon learning

this fact, affiant applied to the district court for relief; that the reason of the delay in arriving at the amount of the liability was the fact that Yeager had refused to accept the adjustment allowed by the board appointed for that purpose under the terms of the policy; that the attorneys for each of the other creditors had prepared disclosures for his company, and they had been duly filed. For his affidavit of merits, he states that his company has been served with four prior garnishee summonses, by creditors claiming more money than was ever due Yeager under his policy, and that probably no funds whatever were available for this plaintiff; that, in any event, the judgment entered was for some $100 more than the agreed liability upon the policy, so that, if the judgment was allowed to stand, this garnishee would have to pay the amount of its liability twice, and then another $100 besides.

The district court granted the relief applied for, conditioned that the garnishee pay the amount due under the policy into court, and pay to the plaintiff $25 costs. This appeal is from such order, and it is urged that the foregoing affidavit neither excuses the delay nor shows a proper form of an affidavit of merits.

(1) We think the facts shown excuse the delay. Up to the time of the entry of the judgment, the garnishee had reason to believe a disclosure had been made. After discovering the judgment, the garnishee relied upon the proposed stipulation to relieve itself from the judgment. As the stipulation had been signed by this plaintiff, it was but natural that this garnishee should rely for relief upon its completion before applying to the court. As soon as it was known that the stipulation had failed, the appeal was made to the district court.

(2) It is contended that the affidavit of merits is defective for failure to state that all of the facts of the case had been submitted to an attorney, and his opinion obtained that the evidence set up is meritorious. We do not believe the above statement necessary, where, as in this case, all of the facts of the care are set forth and presented, for the court itself to pass upon the merits. There are two forms of affidavits of merits recognized by the courts. The older form, wherein all of the facts are set out for the inspection of the courts, and the other form, wherein affiant states that he has submitted all of the facts to his attorney, and has by him been advised that his defense is meritorious. The latter form has been in general use in North Dakota since statehood, and will, of course, be recognized by this court. However, we

hold that the older form is also legal in this state. Our attention has been called to but three states (California, Michigan, and Wisconsin) besides our own, recognizing the latter rule, and California (Woodward v. Backus, 20 Cal. 137), while tolerating the latter rule, uses this language: "It would have been better, perhaps, if the affidavits, instead of stating that the case had been fully and fairly stated to counsel, etc., in the usual form, had set forth the facts constituting the defense." Freeman on Judgments, 4th ed. § 108, says: "As to the contents of the affidavit of merits, the practice differs essentially in different states. The more reasonable, in our judgment, is the one which requires the moving party to disclose his cause of action or ground of defense, with such particularity as enables the court to determine whether or not it is good and sufficient on the merits. The other and less defensible practice substitutes the moving party and his counsel for the court, and accepts their judgment as conclusive." See also Black on Judgments, 2d ed. § 347; also 23 Cyc. page 956, and cases cited. While this court has recognized the inferior form of affidavit as sufficient, it has never held the superior form insufficient, and we now hold that either form may be used in this state. The especial opinion of Judge Corliss in the case of Sargent v. Kindred, 5 N. D. 8, 63 N. W. 151, and Rule XII. of the district courts, found in the front of vol. 6 N. D., were written with the latter rule only in mind, and apply only to cases wherein the opinion of the attorney is substituted for the judgment of the court, and, of course, do not apply to the case at bar.

The order appealed from was right, and is affirmed.

MORGAN, Ch. J., not participating.