GUSTAVE LOBE v. JOSEPH BARTASCHAWICH and Mary
Bartaschawich.

(164 N. W. 276.)

**Judgment — order vacating — appeal from — affidavits on motion — grounds
for — summons and complaint not served — opposing affidavits — error
not shown.**

1. Upon an appeal from an order vacating a judgment and permitting the
defendant to answer, where the affidavits in support of the motion present a
showing that the summons and complaint were not served on defendants and
that they had no notice or knowledge of the action until execution was levied
upon their property, and counter affidavits were filed by the judgment creditor
disputing the facts stated with reference to the service of the summons and
complaint,—*held*, that error in allowing the judgment to be opened is not
shown.

**County court judgment — transcribed to district court — vacating — motion
for — in county court — heard in district court — by stipulation — juris-
diction — parties precluded from raising question.**

2. Where, after a county court judgment has been transcripted to the district
court under § 8943, Comp. Laws 1913, a motion to vacate is made in county
court and upon stipulation heard in the district court, the latter being a court
of general jurisdiction, a party who had stipulated for the hearing of the
motion in such court is precluded from questioning the jurisdiction to enter the
appropriate order deciding the motion.

Opinion filed July 28, 1917.

Appeal from the District Court of Ward County, *K. E. Leighton,* J.
Judgment for defendant.

Plaintiff appeals.

Affirmed.

*McGee & Goss* and *J. L. Lee,* for appellant.

The judgment in this case was a judgment of the county court, a
court of co-ordinate and concurrent jurisdiction of the subject-matter.
It is still the judgment of that court, even though transcribed to the
district court. Comp. Laws 1913, §§ 8930, 8943.

The district court was without jurisdiction of the subject-matter, to
try this case or to vacate the judgment. The district court, on motion,

can vacate only its own judgments. It may grant relief by equitable action, but it cannot vacate or otherwise modify the judgment of another lower court, except by appeal or certiorari. Comp. Laws 1913, §§ 7691, 7705, 7716, 8943, 9109; Holton v. Schmarback, 15 N. D. 38, 106 N. W. 36.

The life of the judgment of a lower court cannot be extended by the mere transcribing it to the district court. Williams v. Rice, 6 S. D. 9, 60 N. W. 153; Phelps v. McCollam, 10 N. D. 536, 88 N. W. 292; Holton v. Schmarback, supra; Acme Harvester Co. v. Magill, 15 N. D. 116, 106 N. W. 563.

Where a lower court judgment is transcribed to the district court, the proper method of assailing it is by motion, and not by equitable action. Freeman v. Wood, 11 N. D. 1, 88 N. W. 721; 15 R. C. L. 587; Enderlin Invest. Co. v. Nordhagen, 18 N. D. 517, 123 N. W. 390.

Jurisdiction cannot be conferred by any act of the parties. Brown v. Bell, 46 Colo. 163, 23 L.R.A.(N.S.) 1096, 133 Am. St. Rep. 60, 103 Pac. 380; 7 R. C. L. 1043.

*Lewis & Bach,* for respondents.

The judgment was a nullity for failure to present any proof, the complaint not being verified. There must be proof in order to assess damages, except in cases of a note or contract fixing the amount. Comp. Laws 1913, § 7600.

A proper affidavit of merits was presented on the motion to vacate. Such affidavit need not state the facts as to the defense to the action. Bismarck Grocery Co. v. Yeager, 21 N. D. 547, 131 N. W. 517.

BIRDZELL, J. This is an appeal from an order entered in the district court of Ward county, vacating a default judgment entered against the defendants in the county court of Ward county, and subsequently transcripted to the district court. The order appealed from is as follows:

### Order Opening Default and Allowing Answer.

It appearing to the court that the above-named plaintiff heretofore brought an action against the above-named defendants in the county court of Ward county, North Dakota, and obtained judgment in said action by default on May 22, 1915, and thereafter filed a transcript of

said judgment in the office of the clerk of the district court in and for said Ward county; and that the defendants made a motion in the said county court to have said judgment opened and to be allowed to defend the said action; and that said motion was stipulated to be heard in this court, to wit, the district court for said county of Ward, on October 12, 1915, by the oral stipulation, in open court, of J. L. Lee, attorney for plaintiff, and Lewis and Bach, attorneys for defendant; and that the said motion was thereupon duly heard in this court on October 12, 1915; and the court being of opinion, and so finding, that said default ought to be opened and said judgment set aside, and the defendants allowed to defend the said action:

Now, therefore, on motion of Lewis & Bach, attorneys for the defendants herein, it is

Ordered that said judgment be, and it hereby is, vacated and set aside, and that the said action be, and it hereby is, remanded to the county court in and for Ward county, North Dakota, with instructions to allow the defendants to defend the same upon answering the complaint within fifteen days from this date, to wit, by October 27, 1915, and paying to the plaintiff $10 costs.

Dated at Minot, N. D., October 12, 1915.

(Signed)     K. E. Leighton,
                                    Judge.


The motion papers were entitled "In the County Court of Ward County, before the Hon. William Murray, Judge," and the notice of motion notified the plaintiff that the motion would be heard in said court. By the affidavits supporting the motion, it appears that the moving party relied upon the failure of the plaintiff to serve the summons and complaint as constituting excusable neglect to defend the action. The motion was also accompanied by an affidavit of merits showing that the affiants had submitted all the facts constituting their defense to their attorneys, and had been advised by them that the defense was meritorious. There was also an affidavit of merits containing the substance of the proposed answer, which was signed by one of the attorneys for the defendants. Counter affidavits were filed by Jens H. Springer and J. L. Lee, which disputed the facts stated in

the affidavits supporting the motion with reference to the service of the summons and the complaint.

The appellants rely for a reversal of the order upon two main grounds of error in the entry of the order. It is contended, first, that the entry of the order was an abuse of discretion, because of the insufficiency of the showing made by the defendants; and, second, that the court was without jurisdiction to determine the motion.

The affidavit of the defendants, in support of the motion, states specifically that no summons or complaint was served on them, and that they had no notice or knowledge of such action whatsoever until an execution was levied upon their property. In the face of this showing, even though the same is controverted by the affidavits of Jensen and of Lee, the plaintiff's attorney, we are not prepared to say that the judge who heard the motion erred in allowing the judgment to be opened.

It is argued that the affidavit makes no showing of mistake, inadvertence, surprise, or excusable neglect within the provisions of § 7483, Comp. Laws 1913. Certainly a showing that no summons or complaint was served, and that defendants had no notice or knowledge of the pendency of an action against them, amounts to a showing of excusable neglect to answer and defend. In fact if there was no service, such showing was not necessary. Van Woert v. New York L. Ins. Co. 30 N. D. 27, 151 N. W. 29.

It is also argued that the affidavits in support of the motion do not make a proper showing of meritorious defense. The affidavit of the defendants is in a form which has been expressly approved by this court. In the case of Bismarck Grocery Co. v. Yeager, 21 N. D. 547, 131 N. W. 517, this court, speaking through Mr. Justice Burke, said (page 550) : "There are two forms of affidavits of merits recognized by the courts,—the older form, wherein all of the facts are set out for the inspection of the courts; and the other form, wherein affiant states that he has submitted all of the facts to his attorney, and has by him been advised that his defense is meritorious. The latter form has been in general use in North Dakota since statehood, and will, of course, be recognized by this court."

The form of affidavit used in this case having heretofore received the sanction of this court, and it appearing that there is no good reason to

alter the rule thus laid down as to its sufficiency, we are content to hold that the affidavit in this case is sufficient.

In a supplemental brief devoted to the proposition that the district court was without jurisdiction to enter the order appealed from, it is argued with considerable force and earnestness that the act of the district court in entering the order was a nullity. It appears in the order that the judgment of the county court was transcripted to the district court before the application to vacate was made. Section 8943, Comp. Laws 1913, authorizes judgments to be thus transcripted, and it appears from the section referred to that the chief, if not the only object of the procedure, is to entitle the judgment creditor to resort to the same proceedings in the enforcement of the judgment that he would be entitled to were the judgment an original district court judgment. This appearing to be at least the main purpose of the statute, it is argued that a judgment so transcripted is only made a district court judgment for the purpose of collection, and that, as to any steps which a judgment debtor might desire to take by way of vacating the judgment, it is still a county court judgment. The argument presented is logical (Phelps v. McCollam, 10 N. D. 536, 88 N. W. 292), but we do not deem it necessary to determine the soundness of the position taken; for it appears that, while the motion was noticed for hearing in the county court, it was heard by stipulation in the district court. The appellant does not ask to be relieved of the stipulation, nor is the making of the same disputed in the briefs. We must therefore assume that the facts stated in the order with reference to the oral stipulation are true. In this situation, the question of jurisdiction must be determined upon different considerations than would apply if the appellant had made a special appearance in the district court for the purpose of objecting to the jurisdiction of that tribunal to hear and dispose of the motion. The appellant, having thus entered his appearance in the district court, is bound by the decision announced in the order, if the subject-matter dealt with in the motion and in the order is such that jurisdiction to determine it can be voluntarily conferred upon the court. The district court, being a court of general jurisdiction, has power to determine all controversies or questions of difference which can possibly be made the subject of civil action. Clearly a proceeding to determine the validity and binding force of a judg-

ment is one that might be brought in the form of a civil action. Freeman v. Wood, 11 N. D. 1, 88 N. W. 721. If an action were brought attacking the judgment directly, it would make no difference that the judgment was that of an inferior court of limited jurisdiction, rather than of the district court. The judgment in such cases is only the form in which the purported obligation rests. The fight of a court of general jurisdiction to determine the binding force of a judgment is as clearly established as is its right to cancel a fraudulent promissory note. Both call for the exercise of ordinary judicial functions appealing to the equity side of the court. The subject-matter being within the scope of the jurisdiction of the court in which the motion was made, and such court having determined the controversy by consent of the parties, they are now precluded from questioning the jurisdiction. There are but few analogous cases, presumably due to the fact that parties who consent to the exercise of the judicial powers of a court of general jurisdiction seldom have the hardihood to impeach the action of the tribunal on jurisdictional grounds. Some of the authorities, in discussing questions analogous to this, base the decision upon grounds of estoppel. The mischief that might result in reversing an order of this character for lack of jurisdiction is obvious; and in order to prevent it courts are warranted in invoking the doctrine of estoppel. The time within which to appeal from the judgment of the county court might elapse while the judgment debtor, who, by the order of the district court, has been given an opportunity to put in his defense, was relying upon the stipulation; or the time for opening and vacating the judgment in the county court might run under similar circumstances. See Groves v. Richmond, 56 Iowa, 69, 8 N. W. 752. The following expression from the supreme court of Pennsylvania, in Re Spring Street, 112 Pa. 258–263, 3 Atl. 581, is pertinent in this connection. "While it is conceded as a general rule that consent will not give jurisdiction, yet we are not to lose sight of the fact that the court of quarter sessions has a general jurisdiction over the opening of streets and the assessment of damages therefor. And while in the particular portion of territory embraced within the city of Reading that jurisdiction has been transferred to the court of common pleas, the fact remains that the city not only consented to, but invoked, the jurisdiction of a court having such general jurisdiction; and having now ob-

37 N. D.—37.

tained the fruits of their proceeding, it does not lie in the mouth of the municipality to raise such an objection as this. Had the parties consented to the jurisdiction of a court having no general control of such matters, as, for instance, the orphans' court, the proceedings would have been absolutely void, and no consent of either party would have worked an estoppel. But as the case stands we are of opinion that good faith and fair dealing alike require the city to pay their awards." See also Chalmers v. Turnipseed, 21 S. C. 126; and Minneapolis, St. P. & S. Ste. M. R. Co. v. Stutsman, 31 N. D. 597, 154 N. W. 654.

Counsel argue that the county court will be under no obligation to recognize the order of the district court. This argument presents no question requiring decision at this time; but it may be observed that the order is in favor of the judgment debtor, and that, while failing to observe the order, it is impossible for the judgment creditor to collect his judgment. It is only reasonable to assume that his interest in the collection of a just claim, if he has one, will prompt him to again pursue his action in the county court.

The order appealed from is affirmed.

ROBINSON, J. (concurring). On May 22, 1915, in the county court of Ward county plaintiff obtained a default judgment for $254.46. He appeals from an order opening the judgment and allowing a defense. The motion to open the judgment was based on affidavits of the defendants showing a defense, and that no summons or complaint was ever served on them, and that they knew nothing of the action or the judgment until the sheriff came with an execution and levied on their property. The affidavits are denied; and the contention of counsel for plaintiff is that the question is only on the service of the papers, and that the case presents no cause for relief on the grounds of inadvertence or excusable neglect.

But, as stated in the defendant's brief, if the summons were actually served on the defendants, and they, being ignorant, did not realize the meaning or know that a suit had been commenced against them, as they themselves swear, and that they had no notice or knowledge of the action until an execution was levied on their property, that is the clearest possible showing of inadvertence and excusable neglect. As the greater contains the lesser, a statement that the summons had never been served

(though a mistake) includes a statement that the defendants did not know or realize that such service had been made. Such affidavits must appeal to the court with more force when service is made by a private person, and not by the sheriff. In this case the summons and complaint were typewritten on one sheet of paper, which was not in a cover, and the complaint was not verified. The defendants might well have received such a paper and thrown it aside, thinking it a mere advertisement. It were very different if they had been served by a sheriff. Then the papers would have meant something to the poor unlearned people who can hardly write their own names.

However, the judgment roll is grossly irregular and defective. The proof of service was made by the attorney, and not by the person who claims to have served the papers. It does not show by whom or how or where the service was made. The affidavit of service must state the time, place, and manner of service. Comp. Laws 1913, § 7436.

The order for judgment recites that the return of a private person shows that on May 10, 1915, he made due and proper service. It does not show the place or the manner of service, and it does show that judgment was entered without any evidence, though the complaint is not verified. It shows a judgment for $22.86 attorney's fees when the legal fee was $5, the same as in district court.

The motion to vacate the judgment was made in the county court when the judgment had been transcripted to the district court, and hence, by consent of counsel it was submitted to and decided by the judge of the district court. Now objection is made that the district court did not have jurisdiction, unless by an appeal from the county court. The point has no force or merit, but in any event it was waived. Parties must practise law in good faith and fairness. They may not trifle with the laws or the courts; they may not waive formalities and submit their differences to a court of general jurisdiction, and then appeal and insist that the court had no right to hear and determine the very matter submitted. Order affirmed.