ELM CREEK SCHOOL DISTRICT NO. 21, MERCER COUNTY, NORTH DAKOTA, a Public Corporation, Appellant, v. P. S. JUNGERS, Respondent.

(205 N. W. 676.)

**Judgment — when equitable relief may be had against judgment stated.**
    1. Equitable relief may be afforded against a judgment where it appears that the defendant in the action in which the judgment was obtained had a meritorious defense, but, without fault or negligence on his part, was prevented from interposing it by the fraud, deceit or misrepresentation of the plaintiff.

**Judgment — complaint held to state facts sufficient to entitle plaintiff to equitable relief against judgment.**
    2. For reasons stated in the opinion, it is held that the complaint in the instant case states facts sufficient to entitle the plaintiff to equitable relief against a judgment.

Opinion filed October 20, 1925.

Judgments, 34 C. J. § 680 p. 433 n. 3; § 682 p. 434 n. 20, 21; § 687 p. 437 n. 57; p. 438 n. 61; § 738 p. 470 n. 44; § 740 p. 473 n. 78, 79.

Appeal from the District Court of Morton County, *Lembke, J.*

Plaintiff appeals from an order sustaining a demurrer to the complaint.

Reversed.

*S. P. Rigler,* for appellant.

Note.—(1) Power of equity to grant relief from fraudulent judgment, see 15 R. C. L. 760, et seq.; 3 R. C. L. Supp. 492; 4 R. C. L. Supp. 1018; 5 R. C. L. Supp. 849.

A court of chancery has unquestionable power to grant relief against judgments obtained by fraud. Dobson v. Pearce, 12 N. Y. 156, 62 Am. Dec. 152.

A judgment, whether domestic or foreign, may be impeached for fraud or mistake in a direct proceeding brought for the purpose. Marx v. Fore, 51 Mo. 69, 11 Am. Rep. 432.

A judgment may be good at law, and yet equity may deem it against conscience for the plaintiff to stand upon his legal right. In such a case, it is because the judgment is good at law that equitable release is granted. Fisger v. Fielding, 67 Conn. 91, 32 L.R.A. 236.

Equity will grant relief against a judgment at law when a defendant has been fraudulently kept in the dark by the plaintiff. Rogers v. Atkinson, 1 Ga. 12.

When a judgment has been obtained by a fraud or undue advantage, equity will relieve by injunction even when relief might have been had on motion at law. Moore v. Gamble, 9 N. J. Eq. 246.

The power to set aside a judgment for fraud or collusion though expressly granted by statute in many states, is not dependent upon legislative recognition. Taylor v. Sindall, 34 Mo. 38; Mellick v. Bank, 52 Iowa, 94.

*P. S. Jungers,* for respondent.

It is an elementary principle that courts of equity will not take jurisdiction of causes where the plaintiff has a complete remedy at law even though the party complaining may not have availed himself of the remedy, and by laches deprived himself of it.

Relief will not be granted in equity against a judgment at law where the party has an adequate remedy as to the matters complained of by appeal or error, and makes no effort to avail himself of it, or has lost such remedy by failing to take proper steps to secure or to perfect his appeal or writ of error. 23 Cyc. 983.

Relief will in no case be granted where the loss of the remedy at law was due to the party's own negligence or fault or that of his counsel. 23 Cyc. 985.

A bill for an injunction against a judgment or petition to set aside a judgment must be verified by the complainant in person, unless there is some sufficient reason for its verification by his attorney in accordance with the general rules as to verification. 34 C. J. 492.

A bill to enjoin a judgment at law is not regarded with favor by the courts. 34 C. J. 432; Yocum v. Taylor, 179 Iowa, 695; Wilkinson v. Rewey, 59 Wis. 554.

The failure of the complainant to avail himself of the means clearly given him by statute for the redress of his alleged grievances does not entitle him to ask that a court of equity in a clearly collateral proceeding shall apply to another remedy. Woodward v. Pike, 43 Neb. 772.

Since certiorari is provided under the statute to be the proper method of reviewing such action, equity has no jurisdiction. Stubenrauch v. Neyenesch, 54 Iowa, 567. .

There was a plain adequate remedy by common-law certiorari to reverse judgment and complaint is therefore dismissed. Crandall v. Bacon, 20 Wis. 529.

CHRISTIANSON, Ch. J. This is an action to set aside a judgment rendered in favor of the defendant P. S. Jungers and against the plaintiff school district, in justice's court, on August 5th, 1924. There was a demurrer to the complaint on the grounds: "(1) that the court has no jurisdiction of the subject of the action; (2) that the facts stated in the complaint do not entitle plaintiff to the relief demanded; (3) that the complaint does not state facts sufficient to constitute a cause of action." The demurrer was overruled and the plaintiff has appealed.

The complaint alleges that the plaintiff is a public school district created and existing under and by virtue of the laws of this state; that on or about July 26th, 1924, the defendant herein commenced an action in justice's court before J. E. Geiszler, justice of the peace, in and for the city of Hebron, Morton county, North Dakota, in which action the said P. S. Jungers was plaintiff and the plaintiff school district, and Ludwig Nehr and Friederich Martin, were defendants; that said action was brought by the plaintiff to recover the sum of $75 with interest and costs; that in the complaint in said action it was alleged that the said defendants were indebted to said Jungers in the sum of $75 for certain legal services which the said Jungers was supposed to have rendered to some one; that the trial of said action was set for August 5th, 1924, at 9 o'clock A. M., of that day in said city of Hebron, county of Morton; that the plaintiff in this action was served with a summons in said action by service upon one of the members of the district school

board; that on the day before the date set for trial of said action, to wit, on August 4th, 1924, one Matt Crowley, one of the members of the board of directors of said Elm Creek school district, "called at the office of the said P. S. Jungers, in the said city of Hebron, Morton county, North Dakota, in regard to his alleged claim against the said Elm creek school district, and the said P. S. Jungers then and there informed the said Matt Crowley, who was then and there acting as the legal representative of the said Elm Creek school district, that the said P. S. Jungers had no claim against the said school district, but that it was made a party defendant to such suit in justice court, so that he, Jungers, could avoid conciliation proceedings as required by law, and that his claim was against the other defendants, viz.: Ludwig Nehr and Friederich Martin, and that the said school district would not have to appear at the time and place set for trial of said action, and that the said P. S. Jungers would not make any claim against the said school district and would not have judgment entered on account of its nonappearance;" that relying wholly upon the statements and representations of said plaintiff (who was his own attorney in said action) and believing the same to be true as stated, no appearance was made by or in behalf of the said Elm Creek school district; that at the time of the trial of the said action in justice court the other defendants, to wit, Ludwig Nehr and Friederich Martin, personally appeared and the said justice of the peace dismissed the action against them on the ground that the said P. S. Jungers had no cause of action against them; but on account of default in appearance of the said Elm Creek school district, for failing to appear and answer as required by the said justice's summons, and upon motion of the said P. S. Jungers, the plaintiff in said action, the said justice of the peace, allowed judgment against the said Elm Creek school district and in favor of the said P. S. Jungers as plaintiff in said action, and that judgment was thereon entered in favor of the said Jungers and against the said school district for the sum of $75, together with costs taxed and allowed at $16.65, making a total judgment in favor of the plaintiff and against the said defendant in the sum of $91.65. That thereafter the said Matt Crowley, as member of the board of trustees of the said Elm Creek school district, learned that said Jungers had obtained judgment against the school district, in said action contrary to his express agreement, and

said Crowley thereupon immediately upon learning of the entry of said judgment, called at the office of said defendant therein in the city of Hebron, Morton county, North Dakota, and requested him to release the said judgment and the said Jungers thereupon informed the said Matt Crowley that he (Jungers) had "no intention of using the judgment so entered against the plaintiff and that the plaintiff would not be put to any expense or trouble in any manner, and again repeated that he had no claim against this plaintiff and agreed to release the said judgment;" that the said Matt Crowley again relied upon the statements made by this defendant and believing that the said defendant would release such judgment, so informed the other members of the school board, who consequently took no further action thereon until a few days prior to the expiration of the time to perfect an appeal from the said justice court judgment, when the said Matt Crowley again saw said Jungers relative to the release of said judgment but that the said Jungers then refused to release the judgment; that the said school district thereupon immediately thereafter, to wit, on September 4th, 1924, filed, with the successor in office of the said justice of peace who had rendered the judgment, an application for relief from the default judgment; that said application was set for hearing on September 9th, 1924, at 5 o'clock P. M., of that day; that after hearing had the said justice of the peace ordered that the said default judgment be vacated and set aside; that subsequently, to wit, on September 15th, 1924, the said Jungers made application to the district court of Morton county, for a writ of certiorari directed against the justice of peace to show cause why his proceedings in said acion should not be vacated and annulled; that the writ was returnable before the said district court of Morton county on September 19th, 1924; that the same came on to be heard before said court on October 11th, 1924, with the result that subsequently, to wit, on December 22d, 1924, the said district court issued its order directing the said justice of peace to vacate and set aside his former order, vacating the said default judgment, and further directing and requiring said justice of peace to reinstate the former judgment as it stood at the time the former order was made. That service of said order was made on December 29th, 1924, and that said justice of peace subsequently complied with said order. That said

Jungers has made demand upon the plaintiff for payment and threatens to enforce the judgment.

The complaint further alleges that the plaintiff was at no time indebted to the said Jungers on account of any legal services performed by him for it, or upon any other account whatsoever; and that if the said Jungers had not deceived the school district by the false representations and promises made to its officers, it would have appeared and defended in the action in the said justice's court and prevented said Jungers from obtaining a judgment against it at all.

In our opinion the complaint is not subject to any of the objections raised by the demurrer. The district court is a court of general jurisprudence, and has full power to hear and determine actions in which equitable relief against judgments is sought. Lobe v. Bartaschawich, 37 N. D. 576, 164 N. W. 276. The only question worthy of consideration is whether the complaint states facts sufficient to constitute a cause of action. And, after careful consideration, we have reached the conclusion that this question must be answered in the affirmative.

It clearly appears from the allegations of the complaint,—which allegations for the purposes of the demurrer stand admitted,—that a judgment was obtained by default against the defendant school district upon an alleged cause of action which was wholly unfounded; and that this judgment was obtained solely by reason of deception and fraud practiced upon the officers of the school district by the plaintiff in such action. It appears further that after the judgment had been obtained these officers were further lulled into security by false promises that the judgment would be released. In other words, the complaint clearly shows the existence of an unjust judgment obtained by the fraudulent practices of the prevailing party. From the allegations of the complaint it is also clear that there is now no remedy at law available to the school district. The time for appeal therefrom has elapsed. The school district sought to have the judgment vacated by motion but under the statute a Justice of the Peace has authority to vacate a default judgment only within thirty days after the rendition of the judgment. Comp. Laws, 1913, § 9098. And it was doubtless for this reason that the district court of Morton county held that the justice's court was without jurisdiction to vacate the default judgment as the motion to vacate came on for hearing after the thirty-day period had elapsed.

One of the contentions of the respondent seems to be that the plaintiff has not exhausted his legal remedies as he may still appeal from the decision of the district court in the certiorari proceeding. This contention is obviously without merit as it is clear that the justice of the peace was without jurisdiction to vacate the default judgment at the time he made the order which was reviewed in the certiorari proceeding.

It is also contended that the complaint fails to state a cause of action because it appears that the school district had knowledge of the judgment in sufficient time to perfect an appeal therefrom. It is true that, as a general proposition, one who has a legal remedy may not resort to equity for relief against a judgment; also that where an adequate legal remedy existed but was lost through the willful or negligent failure to take advantage thereof, equitable relief will not be granted. But it is equally true that where an otherwise adequate remedy has been lost or has become unavailable without default or negligence of the complaining party the case stands as though there had never been such a remedy and relief may be obtained upon proper grounds. And the misconduct or fraud of the adverse party will of itself excuse the loss of a legal remedy and give the injured party standing in a court of equity.

According to the allegations of the complaint the defendant, Jungers, obtained a judgment against the plaintiff school district by means of fraud. He obtained this judgment although the school district was not indebted to him upon any account or in any sum whatsoever. In other words, it clearly appears from the allegations of the complaint that if the judgment is permitted to stand or be enforced Jungers would obtain some advantage which in equity and good conscience he should not be permitted to retain. The judgment in question was obtained against a public corporation,—a body which can act only through its officers. It was obtained because these officers were deceived by the false promises and representations of the plaintiff, who appeared as his own attorney in the case. After the judgment had been obtained the officers of the school district were further lulled into security by false promises whereby they were prevented from promptly availing themselves of the ordinary legal remedies for the vacation or reversal of the judgment. It further appears that at this time no legal remedies

are available, and unless equitable relief is granted the defendant, Jungers, will be permitted to enforce an unjust judgment against the school district. In other words, he will be permitted to benefit by his own wrong to the detriment of the taxpayers of the plaintiff school district.

In our opinion the facts stated in the complaint are sufficient to entitle the plaintiff to equitable relief against the judgment. The order appealed from is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

BIRDZELL, NUESSLE, JOHNSON, and BURKE, JJ., concur.